FILED BY_____JC___D.C.

99 APR 21 PM 1:50

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

HAYDEE MULLINS,              )
                             )
    Plaintiff,               )          Case No. **99-1129**
                             )                   **CIV-SEITZ**
vs.                          )
                             )
DADE COUNTY FEDERAL CREDIT   )
UNION, a Florida corporation )          MAGISTRATE JUDGE
                             )              GARBER
    Defendant.               )          **COMPLAINT**
                             )
_____)

Plaintiff, HAYDEE MULLINS, hereinafter ("MULLINS") sues the Defendant, DADE COUNTY FEDERAL CREDIT UNION ("CREDIT UNION"), and alleges:

### *JURISDICTION AND VENUE*

1.  This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the Florida Civil Rights Act of 1992.

2.  Jurisdiction is invoked pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1343(3) and 1343(4), and pursuant to 28 U.S.C. § 1367.

3.  Costs and attorneys fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k), and Florida Statute Section 760.11(6).

1



4. Venue properly lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b), and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practice was committed in this judicial district.

## *CONDITIONS PRECEDENT*

5. Plaintiff, MULLINS, has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 2000(e). A Notice of Right To Sue was issued by the Equal Employment Opportunity Commission (EEOC) on February 24, 1999, a true and correct copy of which is attached as an Exhibit "A.".

6. Plaintiff has complied with all conditions precedent required by the Florida Civil Rights Act of 1992.

## *PARTIES*

7. At all times material, Plaintiff, MULLINS, was a citizen and resident of the United States, residing in Dade County.

8. At all times material, Defendant, CREDIT UNION, was a Florida corporation located in Dade County, Florida and authorized to conduct business in Florida.

9. At all times material, Defendant, CREDIT UNION, was an employer within the meaning of 42 U.S.C. § 2000e and Florida Statute Section 760.02(7), and was engaged in an industry affecting commerce, and upon information and belief, employed more than fifteen (15) employees for each working day in each of twenty (20) or more calender weeks in the then current or preceding calender year.

2

## FACTS

10. Plaintiff is entitled to relief against the Defendant upon the following facts:

   (a) In 1988, Plaintiff was hired by Defendant, CREDIT UNION, to work as the Collection Manager.

   (b) A subordinate of Plaintiff named Juan Lopez reported to Plaintiff that he was being sexually harassed by Scott Weiss, a vice president at the CREDIT UNION.

   (c) Plaintiff reported this to her superior, Steve Wiltse, expressing her concerns about Weiss' behavior and hostility he was showing towards Lopez.

   (d) The unlawful behavior of Weiss did not change so Plaintiff continued to complain about and oppose the behavior of Weiss.

   (e) Juan Lopez later filed a lawsuit pursuant to Title VII of the Civil Rights Act of 1964 against Defendant alleging sexual harassment in the workplace.

   (f) In the third week of December 1997, Plaintiff was interviewed on the phone by the attorney representing the Defendant CREDIT UNION in the Lopez case.

   (g) Plaintiff advised the CREDIT UNION'S attorney that Mr. Lopez was sexually harassed and verbally abused by the Vice-President, Scott Weiss. Plaintiff also told the attorney that she supported Lopez' allegations and that other employees had also been harassed by co-workers and their supervisors.

   (h) Shortly after this phone interview, Plaintiff was subjected to abusive and hostile working conditions by her supervisor, George Joseph and the President, John Muncy.

   (i) Plaintiff was repeatedly humiliated in the presence of her co-workers and the customers who visited the CREDIT UNION.

   (j) On April 1, 1998, Plaintiff was terminated by Defendant.

## *Count I*
### *Violation of the Civil Rights Act of 1964*

Plaintiff repeats and realleges paragraphs 1 through 5 and 7 through 10 as if stated herein in full.

11. Plaintiff was terminated out of retaliation for opposing the discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended.

12. Alternatively, Plaintiff was terminated for participating in the Title VII action brought by Juan Lopez against the CREDIT UNION.

13. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

(a) loss of past and future income;

(b) loss of fringe benefits;

(c) a declaration that the acts and practices complained of herein are in violation of Title VII;

(d) enjoining and permanently restraining these violations of Title VII.

(e) directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

(f) reinstate Plaintiff to her position with Defendant, or reasonable front pay as alternative relief if an immediate promotion is not feasible until a position becomes available;

(g) compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

(h) punitive damages;

(I) awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k);

(j) trial by jury; and

(k) such other relief as the court deems proper.

### Count II
### Violation of the Florida Civil Rights Act of 1992

Plaintiff repeats and realleges paragraphs 1 through 4 and 6 through 10 as if stated herein in full.

14. Plaintiff was terminated out of retaliation for opposing the discriminatory employment practices made illegal by the Florida Civil rights Act of 1992.

15. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

(a) loss of past and future income;

(b) loss of fringe benefits;

(c) a declaration that the acts and practices complained of herein are in violation of the Florida Civil Rights Act of 1992;

5

(d) enjoining and permanently restraining these violations of the Florida Civil Rights Act of 1992.

(e) directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

(f) reinstate Plaintiff to her position with Defendant, or reasonable front pay as alternative relief if an immediate promotion is not feasible until a position becomes available;

(g) compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

(h) punitive damages;

(I) awarding Plaintiff the costs of this action together with reasonable attorney's fees;

(j) trial by jury; and

(k) such other relief as the court deems proper.

Dated this __14th__ day of April 1999.

CHONIN & SHER, P.A.
Attorneys for Plaintiff
95 Merrick Way, Suite 100
Coral Gables, Florida 33134
Telephone: (305) 443-5125
Telefax:   (305) 444-9524

By _____
DAVID CHONIN
FLORIDA BAR NO. 066664

# CIVIL COVER SHEET

**99-1129 CIV-SEITZ**
**MAGISTRATE JUDGE GARBER**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
HAYDEE MULLINS

## DEFENDANTS
DADE COUNTY FEDERAL CREDIT UNION, a Florida corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

A-Dade/99 cv 1129/Seitz/Garber

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
(DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
Employment Discrimination pursuant to 42 U.S.C. Sec.2000

**IVa.** 3 days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS / PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | | | |

*A or B

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY: Receipt No. _____